IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA ISENBERG, <br><br> *Plaintiff,* <br><br> v. <br><br> HARDY MACHINE, INC., MARK GUILIANI, AND DWIGHT MILLER, <br><br> *Defendants.* | Case No. 2:23-cv-793-JDW |

### MEMORANDUM

Timing can be everything. Assuming Brenda Isenberg's allegations as true, she is unable to sue under Title VII of the Civil Rights Act of 1964 because she did not first exhaust her administrative remedies by timely filing with the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Resources Commission (PHRC). And, despite a reminder that she had to respond to the motion to dismiss in this case, Ms. Isenberg has not responded to the Defendants' motion. Because the motion has facial merit, and because it is uncontested, I will grant it. And, because Ms. Isenberg cannot plead anything that would make her claim timely, I will dismiss the claims with prejudice.

## I.     BACKGROUND

Ms. Isenberg worked for Hardy Machine, Inc. from May 10, 2021, until July 29, 2021, which was a probationary period. During that time, a Hardy coworker refused to instruct her to perform all job responsibilities. She voiced her concern to human resources, but nothing changed. Ms. Isenberg alleges that the same coworker sexually harassed her. Hardy fired Ms. Isenberg at the end of her probationary period, on July 29, 2021.

Ms. Isenberg filed a charge of discrimination with the EEOC, cross-filed with the PHRC, alleging that she was "harassed, retaliated against, and discharged due to [her] sex." (ECF No. 1 at p. 7 of 10.) She alleges that she filed it on June 9, 2022, but the charge (which is attached to her complaint) is dated June 13, 2022. The EEOC dismissed her claim as untimely and issued a right to sue letter. Ms. Isenberg then filed this suit, and the Defendants moved to dismiss.

## II.    LEGAL STANDARD

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand 'only a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (same).  In determining whether a claim is plausible, the court must "draw on its judicial

experience and common sense." *Id.* at 786–87 (same).  First, the court must identify the elements needed to set forth a particular claim. *Id.* at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *See id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (quotation omitted).  The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790 (citation omitted).

## III.   DISCUSSION

Title VII requires a potential plaintiff to submit a potential claim to an administrative agency before coming to court, and it sets time limits in which to do so. In states like Pennsylvania, where a state administrative agency can provide relief, the law requires a plaintiff to file a charge of discrimination within 300 days. *See* 42 U.S.C. § 2000e–5(e)(1); 43 P.S. § 959(h); *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d. Cir. 2000). In Title VII cases, "[a] complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC [or a state conciliation agency] for conciliation or resolution." *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) (quotation omitted).  "Timeliness of exhaustion requirements are best resolved under Rule 12(b)(6) covering motions to dismiss for failure to state a claim." *Id.*

Hardy terminated Ms. Isenberg on July 29, 2021, but she didn't file her charge of discrimination until June 9, 2022 (at the earliest). That's 315 days later, so her submission was untimely. Because she did not timely file the charge of discrimination, Ms. Isenberg cannot proceed with her Title VII suit.

Ordinarily, I would give a plaintiff—particularly a *pro se* plaintiff like Ms. Isenberg—a chance to amend her complaint before I dismiss it with prejudice. But there's nothing that Ms. Isenberg could plead that would change the fact that her EEOC claim was untimely. Therefore, I will not give her a chance to amend. I will dismiss her Complaint with prejudice.

## IV.    CONCLUSION

While Ms. Isenberg may have faced discrimination, I must respect the administrative process that Title VII establishes. And, because there is no way to turn back time and submit the EEOC claim earlier, I will dismiss Ms. Isenberg's claims with prejudice. An appropriate Order follows.

**BY THE COURT**:

*/s/ Joshua D. Wolson*
Joshua D. Wolson
United States District Judge

July 26, 2023